[Filed January 6, 1890. ]

GEORGE HAYNES, RESPONDENT, *v.* J. H. WHITSETT, APPELLANT.

EQUITY—JURISDICTION—PLEA OF BONA FIDE PURCHASE.—When a court of equity acquires jurisdiction of a cause for one purpose, it maintains it for all purposes, and administers complete relief. It will neither invoke the aid of other courts, nor permit them to interfere with its process. The defense that a party is a *bona fide* purchaser for value without notice is personal, and can only be made or relied upon by such purchaser, or by some one deraiguing title through him.

APPEAL from the circuit court for Douglas county.

This suit was brought against the administrator of J. H. Whitsett, deceased, the heirs at law of said deceased, and Samuel Marks and Hyman Wollenberg. The object is to correct a mistake in the description of the property in each of two mortgages,—one given to the plaintiff in the lifetime of the deceased for $2,740, and the other to Solomon Abraham for $2,004.85, and to foreclose such mortgages. The only interest that Marks and Wollenberg had in the

controversy was that at a sale of said property, made by the administrator of deceased to pay the debts generally of said deceased, they bought the property, but paid no money thereon. They simply retained the purchase money in their possession until they should receive a deed by the administrator. Upon a trial in the court below, the plaintiff had a decree in his favor for the relief prayed for against all of the defendants, from which the administrator of J. H. Whitsett alone has appealed. Neither the interest of Whitsett's heirs nor of Marks and Wollenberg is before us on this appeal.

*Wm. R. Willis,* for Appellant.

*J. W. Hamilton,* for Respondent.

STRAHAN, J.—It will be observed from the foregoing statement that every person who had an estate in or title to the premises in controversy has acquiesced in the decree in favor of the plaintiff; and if the doctrine of *Humphreys* v. *Taylor,* 5 Or. 260, were applied to this case, as I am inclined to think it ought to be, the appellant, as administrator of J. H. Whitsett, deceased, would have no standing in this court to prosecute this appeal, or interpose the defense upon which he relies. But, waiving that question and assuming that he has such standing, all of the equities of the case are with the plaintiff. No one can read the evidence and apply ordinary common sense to this transaction, and then doubt for one moment as to the merits of the plaintiff's case. There is no question of law arising upon the evidence that it is necessary to discuss, and therefore a particular statement of the facts, as they appear in evidence, is unnecessary.

Counsel for appellant was inclined to apply a very stringent and highly technical rule both to the pleading on the part of the plaintiff as well as to the evidence offered to support it. There was no demurrer to the pleading in the court below, and, as far as I am able to discover, this objection to the evidence is made here for the first time. Under such circumstances, such objections do not receive

so favorable a consideration as if made at the first opportunity that the party has to make them. Counsel for appellant especially insisted upon the argument here that this court, after reforming the mortgages, ought to direct the county court of Douglas county, where the administration is pending, to apply the proceeds of the sale to Marks and Wollenberg in payment of the plaintiff's claim, and that a resale under a decree of foreclosure would thus be avoided. No authority was cited for this, nor was it shown in what lawful manner it can be accomplished. It may be sufficient to say in answer to this suggestion that it is contrary to one of the most important rules upon which courts of equity proceed in the administration of justice; and that is, when they acquire jurisdiction for one purpose, they maintain it for all purposes, and administer complete relief. They neither invoke the aid of other courts or permit their interference with their process.

Finally, counsel for appellant insisted that Marks and Wollenberg were *bona fide* purchasers for value, without notice of the plaintiff's equity. There are two answers to this objection. The first is that it is a defense personal to Marks and Wollenberg, or those in privity with them, and no person other than themselves, or some one deriving title to the premises through them, could be heard to make such defense; and the other is, that Marks and Wollenberg have not appealed from the decree, and their interests are not before us; neither have they paid their money or received a deed.

Let the decree appealed from be affirmed.