Argued November 25, decided December 9, 1913.

## TOKSTAD *v.* DAWS.

### (136 Pac. 844.)

**Dismissal and Nonsuit—Voluntary Dismissal—Counterclaim.**

1. In a suit to restrain the maintenance of a partition fence on lands claimed by plaintiff, where defendant filed a counterclaim for damages done by surface waters collected by the digging of a ditch on defendant's land and the amount required to remove the obstruction to the natural watercourse, a motion by plaintiff to dismiss the complaint was properly denied, though the dismissal would have been proper if the answer had stated only defensive matters.

**Equity—Dismissal—Grounds—Want of Jurisdiction.**

2. When facts necessary to confer jurisdiction in equity are stated in the pleading, but denied, the question of jurisdiction becomes one of fact, and, when the lack thereof appears, the court must dismiss the suit.

**Equity—Retention of Jurisdiction Acquired.**

3. Where a court of equity obtains jurisdiction of the subject of litigation on grounds set forth in the answer, it rightfully retains jurisdiction to administer complete relief as to the entire subject matter.

[As to rule that equity assuming jurisdiction for one purpose will retain it for all purposes, see note in Ann. Cas. 1912A, 803.]

**Equity—Jurisdiction—Objections and Waiver.**

4. Where a cause is entirely without the field of equitable jurisprudence, no act of the adverse party can confer jurisdiction; but, in a case within the field of equitable jurisprudence in which an element essential to complete jurisdiction is lacking, the objection must be raised at the proper time, or it is waived.

From Marion: WILLIAM GALLOWAY, Judge.

Department 2.   Statement by MR. JUSTICE McNARY.

This is an equitable proceeding instituted by Nels. O. Tokstad to restrain the defendant, John F. Daws, from maintaining a partition fence on lands claimed by the plaintiff. The farms of the parties litigant adjoin, and are located in Marion County. The initial pleading was assailed by a demurrer for insufficiency of substance, but upheld by the court.

Defendant, answering, denied the pleading *in toto,* and alleged affirmatively and by way of a counterclaim that plaintiff is the owner of a tract of land—specifically describing the same—contiguous to and lying to the westward of defendant's land; that from a time immemorial a natural watercourse has existed on the premises of plaintiff near the line of division between the lands of plaintiff and defendant; that during the fall of 1911 plaintiff wrongfully began the digging of a ditch close by the boundary line separating the farms, and did construct a ditch 14 chains long and 2 feet deep over defendant's land, and did synchronously obstruct the natural watercourse by the means of a dam; that defendant notified plaintiff he was trespassing upon defendant's land, and requested plaintiff to desist therefrom and cease digging the ditch, which supplication was heeded not by plaintiff who at that time began the construction of a worm fence along the boundary line, but wholly upon the premises of defendant; that the ditch constructed by plaintiff upon the lands of defendant collects and discharges the surface waters upon the premises of defendant greatly to his injury. Concluding, defendant asserts that the wrongful acts of plaintiff in moving the fence upon and digging the ditch over his premises and in obstructing the natural watercourse were done against the will and without the consent of defendant, and has

damaged him in the sum of $150, and that the expenditure of $700 would be required to remove the obstructions to the natural watercourse, refill the ditches, and build a partition fence. A decree was prayed, asking for a dismissal of plaintiff's complaint and a dissolution of the injunction issued against the defendant, also, for an order restraining plaintiff from trespassing on the lands of defendant, and requiring plaintiff to remove the obstructions in the natural watercourse, fill the ditches, and for the sum of $850 damages.

After the filing of the answer and service thereof, plaintiff interposed a motion to dismiss his complaint. Supporting the motion was an affidavit subscribed by plaintiff containing the admission that since the institution of the suit a resurvey showed the worm fence had been erected and the ditch constructed upon the premises of defendant, though done in good faith and upon the reliance of the former survey, which was acquiesced in by defendant. Upon objection of counsel for defendant and refusal of the court to allow the motion to dismiss, plaintiff replied to the answer, and, after admitting defendant's ownership of the land described in the answer, denied the remainder of the pleading, and alleged as new matter that plaintiff is the owner of a tract of land adjoining defendant's, being the same property described in plaintiff's complaint; that for many years there was an old fence situated near the supposed boundary line between the lands of plaintiff and defendant; that in the autumn of 1910 the parties contestant employed a surveyor to determine the true boundary line; that prior to the commencement of the suit both parties believed the line had been established; that in the fall of 1911 defendant began the construction of a worm fence on the line designated by the surveyor, the fence being so constructed that the larger portion was on the lands

of plaintiff; that concurrently plaintiff began the construction of an open ditch on the same line, constructing about 20 rods, when plaintiff was notified by defendant to desist; that in January, 1912, the parties caused the premises to be resurveyed, with the result that the former survey was shown to be incorrect; that the acts done by defendant as set forth in the answer of defendant were performed by plaintiff upon reliance in the correctness of the original survey, and were not done with intent to trespass upon the lands of defendant or in any way interfere with defendant's use thereof; that on account of a mistake in the survey plaintiff has been greatly damaged, in that he has expended a large amount of time, labor and materials; that the mistake was mutual; and that plaintiff at the time of the commencement of the suit believed that the original survey was correct.

A prayer terminated the pleadings, wherein a decree was asked dissolving the injunction, and dismissing the plaintiff's answer, and for any further relief agreeable to equity. In due time a decree was entered favorable to defendant, wherein he was declared to be the owner in fee simple of the premises described in his answer, and awarded judgment in the sum of $500, provided that plaintiff did not fill the ditches so dug on defendant's land, and remove the obstructions from the watercourse within a time therein specified.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Custer E. Ross.*

For respondent there was a brief over the name of *Messrs. Carson & Brown,* with an oral argument by *Mr. John A. Carson.*

MR. JUSTICE McNARY delivered the opinion of the court.

1. Several errors are assembled to overthrow the decree of the trial court; the first being that the court erred in not dismissing plaintiff's complaint in response to a motion to that effect.

The motion to dismiss the complaint was properly denied by the court, as defendant had met the issues therein presented by an answer containing matters, correlated to the subject matter of the litigation expressed in the complaint, sufficient upon which to predicate a prayer for affirmative relief. Had the court obeyed the purpose of the motion and dismissed the complaint, still the case would have remained in court, as the defendant had, by his pleading, made a case against the plaintiff which the latter was obliged to meet.

A different situation would have presented itself had the answer embraced matters wholly defensive, with no prayer for affirmative relief, as in that event the allowance of the motion would have been proper, and the case would have automatically terminated. The doctrine announced in the case of *Maffett* v. *Thompson*, 32 Or. 546 (52 Pac. 565, 53 Pac. 854), seems controlling on this point.

The adequacy of the statement of facts, constituting the counterclaim, was not drawn in question by plaintiff, and the trial proceeded upon the issues made by the counterclaim and the reply. A dissection of defendant's answer reveals these components: (1) That the parties are owners of bordering farms; (2) that for a time long distant a natural watercourse has run along plaintiff's land near the premises of defendant, affording each litigant drainage; (3) that in the autumn of 1911 plaintiff wrongfully commenced the digging of a ditch on defendant's land, and simultaneously therewith obstructed the flow of the water from

its accustomed channel; (5) that upon the request of defendant plaintiff refused to desist from the obstruction of the ditch upon the defendant's premises; (6) that plaintiff began the erection of a division fence on the lands of defendant; (7) that the ditch constructed by plaintiff collected the surface waters upon his lands, and deposited the same upon the premises of defendant, to his damage in the sum of $150; (8) that an additional $700 would be required to remove the obstruction to the natural watercourse. Thus it clearly appears by defendant's answer that he had a legally subsisting cause of suit in his favor and against plaintiff, upon which defendant could have maintained an independent suit. Upon the consideration of the complaint, it will be observed that the subject for determination there proposed is the location of the division fence, the construction of the ditch, and damages suffered by plaintiff incidental thereto, which constitute the same subject of litigation expressed in the defendant's counterclaim.

2, 3. Counsel for plaintiff next asserts that the lower court had no jurisdiction of the subject matter of the suit, and that the want thereof may be raised at any time. When facts necessary to confer jurisdiction on a court of equity are stated in the pleading of the moving party, but denied by the other, the question of jurisdiction becomes one of fact, and, when the lack thereof appears, it is incumbent upon the court to dismiss the suit: *Love* v. *Morrill,* 19 Or. 545 (24 Pac. 916). However, in the case in mind, plaintiff met the controversy suggested in defendant's answer by an admission of the acts charged, but attempted to avoid liability by alleging a mistake mutual to both litigants, a lack of intent to do defendant substantial injury, and concludes by seeking affirmative relief. The court, having obtained jurisdiction of the subject of litigation on the grounds set forth in defendant's answer,

rightfully retained jurisdiction for the purpose of administering complete relief with respect to the entire subject matter.

4. If the matters set forth in defendant's answer were entirely without the fold of equitable jurisprudence, no act upon the part of plaintiff would confer jurisdiction; but a cursory inspection of the pleading will unfold that it contains controversial elements quite within the field of equitable jurisdiction. On this phase of the law, Mr. Justice Eakin, in *Maxwell* v. *Frazier,* 52 Or. 183 (96 Pac. 548, 18 L. R. A. (N. S.) 102), well said: "But a distinction must be made between an entire lack of matter of equitable cognizance and cases within the field of equitable jurisdiction, in which an element essential to complete jurisdiction is lacking. In the former the objection is not waived by failure to interpose it at the proper time, but it is available at any stage of the proceeding, while in the latter, if the objection is not seasonably interposed, it will be deemed to be waived. In such a case the subject of the controversy is equitable, and the relief sought such as equity alone can grant."

Counsel for defendant intimated in his brief that the question of the intent which prompted plaintiff to enter upon defendant's land and commit the acts alleged and admitted should be a guiding consideration in the disposition of this case. This element has no place when actual damages alone are sought to be recovered.

The decree is affirmed.            Affirmed.

Mr. Chief Justice McBride, Mr. Justice Bean and Mr. Justice Eakin concur.