Argued February 5, reversed and remanded February 19, objections to cost bill to abide final result, March 4, 1924.

## GLEN G. ANDERSON AND MINNIE L. ANDERSON *v.* J. O. BURGESS AND MARY E. BURGESS.

### (223 Pac. 244.)

**Corporations—Division of Property Among Stockholders, Subject to Payment of Corporation's Debts, Permissible.**

1. Though a corporation can be dissolved only in the way provided by the statute, division by the stockholders among themselves of the corporation's property, looking to a dissolution, subject to payment of all its debts, is permissible.

Corporations—Stockholders Participating in Division of Assets may not Complain of Informality.

2. All the stockholders of a corporation having participated in the division of its assets among themselves, none of them may complain of the informality with which it was conducted.

Corporations—Specific Performance Lies to Relieve Property of Liability.

3. Equity has jurisdiction of suit to relieve plaintiff's property of liability by enforcing provision of contract, under which the parties divided among themselves the property of a corporation, of which they were the sole stockholders, that defendants should pay its debts.

Reformation of Instruments—Equity may Reform Contract and Enforce It as Reformed.

4. Equity has jurisdiction to reform a contract because of mistakes in the drawing of it, and enforce it as reformed.

Corporations—Contract of Stockholders for Dissolution Prevents Corporation Carrying on Business.

5. Contract of all the stockholders of a corporation, providing that it is that day dissolved by mutual consent, while not dissolving it, prevents it from thereafter carrying on business as a corporation.

Corporations—Creditors Could, After Dissolution, Present and Collect Claims.

6. Though a corporation were formally dissolved, creditors would have opportunity to present and collect their claims, under Section 6877, Or. L.

From Lane: G. F. SKIPWORTH, Judge.

Department 1.

This is a suit growing out of the division of the assets of a corporation, looking to its dissolution, among its stockholders. The corporation was a private corporation and the parties to the agreement, which was in writing, are all of the stockholders. Very little attention had been paid by the stockholders to the management of the corporate affairs. The

4. Mutual mistake as ground for reformation of written instrument, see notes in 30 Am. St. Rep. 621; 65 Am. St. Rep. 481; 117 Am. St. Rep. 227; 3 Ann. Cas. 444.

See 14 C. J., p. 865; 14A C. J., pp. 1151, 1162; 34 Cyc. 995.

plaintiff, Glen G. Anderson, although president of the corporation, was not sure whether or not there was a vice-president and could not tell when any formal meeting had been held. The existence of the corporation was not questioned by any of the parties and no evidence was adduced to establish its valid organization. By the terms of the agreement, which is made a part of the complaint, the plaintiff, Glen G. Anderson, having become dissatisfied, proposed to the defendant, J. O. Burgess, that a division of the property be made. He proffered to Burgess the right to designate the division and he would give or take. Burgess declined to do that, but suggested that Anderson could make the division and Burgess would give or take. Accordingly, Anderson did propose a division and Burgess chose the part of the property he desired and Anderson agreed to take the remainder.

The contract was drawn apparently in the absence of both parties thereto, and was signed by the parties respectively at different times. By the terms of the agreement the defendants, Burgess, assumed certain debts of the corporation and agreed to pay them. The total amount of the indebtedness was $228.25. Burgess also agreed to pay the Andersons the sum of $400. Burgess got the money that was in the bank belonging to the corporation. The debts not having been paid, the plaintiffs instituted this suit to compel Burgess to pay so as to relieve the property received by them from the corporation of the burden of the corporate debts. Disputes arose about the contract and the plaintiffs further seek a reformation and specific performance of the contract. The creditors are not made parties to the suit and have not made objection to the division of the assets of the

corporation.   The answer admits the execution of the contract and sets up as a separate defense and counterclaim the understanding with defendants as to the matters not clearly covered by the contract and certain matters omitted therefrom, and also seeks a reformation of the contract and judgment against the plaintiffs.

It appears from the evidence accompanying the transcript that the plaintiffs had sold some of the property received by them from the corporation, and that the defendants, Burgess, had withdrawn from the bank the money belonging to the corporation and that these creditors had not been paid.   At the close of plaintiffs' testimony the court, believing that the contract was void as against public policy and that the parties plaintiffs and defendants were attempting to dissolve a corporation without following the statute, without hearing the evidence on the part of the defendants, dismissed the complaint.   The plaintiffs only appeal.                REVERSED AND REMANDED.

For appellants there was a brief and oral argument by *Mr. H. E. Slattery.*

For respondents there was a brief and oral argument by *Mr. J. S. Medley.*

COSHOW, J.—1. It is stated in respondents' brief that the court concluded that the complaint did not state sufficient facts, and that the contract made between the parties was void because against public policy.   Respondents have set out in their brief purported findings of fact and conclusions.   From these, it appears that the Circuit Court considered the contract an attempt to dissolve the corporation without

following the method prescribed by the statutes of the state, and a sale of all the property of the corporation contrary to the statutes.

The statutes having provided the method for dissolving corporations, that method is exclusive. But the plaintiffs are not proceeding upon the theory that the corporation is dissolved. On the contrary, the plaintiffs recognize the corporation to be existing.

There was no attempt to sell and transfer the business as a whole. On the contrary, there was a division of the property among the stockholders looking to a dissolution. This division was made subject to the payment of all the debts. This is permissible: 1 Cook on Corp. (7 ed.), 15, § 3; 2 Cook on Corp. (7 ed.), 1618, § 548; 14 C. J. 870, note 37 et seq.

The stockholders are the equitable owners of the property of the corporation. After the debts against the corporation have been paid, the remaining property should be divided among the stockholders in proportion to their stock. The transaction, in the instant case, amounted to a dividend of specific property: 14 C. J. 811, 863, 864, notes 9 and 10, p. 865, note 30; *Grants Pass Hardware Co.* v. *Calvert,* 71 Or. 103, 118 (142 Pac. 569); 2 Cook on Corp. (7 ed.), 1564, § 535; 6 Fletcher's Cyc. Corp. 6118, § 3678; *In re Wilson's Estate,* 85 Or. 604 (167 Pac. 580).

"So long as corporate creditors are paid, no one is injured by the stockholders distributing among themselves the assets." 2 Cook on Corp. (7 ed.), 1618, § 549; 6 Fletcher's Cyc. Corp. 6118, § 3678.

2. The creditors are not complaining here. This suit was instituted for the purpose of compelling the defendants to pay creditors of the corporation whom it is alleged defendants agreed to pay. There is evidence supporting these allegations. The defendants

and plaintiffs constituted all of the stockholders of the corporation and were its directors. They all participated in the division of the assets. Having participated in that transaction, they are not allowed to complain of the informality with which it was conducted: *Woodbridge* v. *Pratt & Whitney Co.*, 69 Conn. 304, 330 (37 Atl. 688); *Benbow* v. *Cook*, 115 N. C. 324 (20 S. E. 453, 44 Am. St. Rep. 454, 460); *Handley* v. *Stutz*, 139 U. S. 417 (35 L. Ed. 227, 11 Sup. Ct. Rep. 530, see, also, Rose's U. S. Notes); 1 Cook on Corp. (7 ed.), 15, note 13.

"A corporation may sell all its property and distribute the proceeds among its stockholders, if all its stockholders assent. * * *" 1 Cook on Corp. (7 ed.), p. 15, § 3.

*Bartholomew* v. *Derby Rubber Co.*, 69 Conn. 521 (38 Atl. 45, 61 Am. St. Rep. 57); 14 C. J. 870, § 1330; *Rossing* v. *State Bank*, 181 Iowa, 1013 (165 N. W. 254); 3 Cook on Corp., 2172, § 670, note 5; 7 R. C. L. 708, § 713.

3. The plaintiffs recognize that the assets of the corporation, received by them under the contract in question, are subject to the debts of the corporation. They allege that the defendants agreed to pay these debts, but had refused to do so. To relieve their property of the burden of that indebtedness by compelling defendants to perform, this suit was instituted. Equity has jurisdiction to entertain the suit.

"Equity will enforce a contract * * to exonerate * * property from liability." 3 Willison on Contracts, 2530; 1 Cook on Corp., pp. 41, 42, § 9.

*Slattery* v. *Gross*, 96 Or. 554, 561 (187 Pac. 300, 190 Pac. 577); *Davis* v. *First Nat. Bank*, 86 Or. 474, 486, 487 (161 Pac. 931, 168 Pac. 929); *Garetson Lumber*

*Co.* v. *Hinson,* 69 Or. 605 (140 Pac. 633); 2 Cook on Corp. 1614, § 548.

4. The defendants answered. Both parties allege mistakes in drawing the contract and seek to have it reformed and then performed. There can be no question about equity having jurisdiction to reform and specifically perform the contract.

5. The contract, among other things, provides:

"The corporation heretofore existing under the name and style of the Anderson-Burgess Lumber Company, doing business in Lane County, Oregon, is this day dissolved by mutual consent."

The contract was signed by all the stockholders. While this did not dissolve the corporation, it did prevent it from carrying on business as a corporation after that date: 7 R. C. L. 708, § 713; *Woodbridge* v. *Pratt & Whitney Co.,* 69 Conn. 304, 330 (37 Atl. 688); *Wallamet F. C. & L. Co.* v. *Kittridge,* Fed. Cas. No. 17,105 (5 Sawy. 45).

6. Evidence was adduced to the effect that proper steps were taken to dissolve formally, but were not completed. Even if the corporation had been formally dissolved, creditors would have opportunity to present and collect their claims: Section 6877, Or. L.; 7 R. C. L. 708, 709, note 9; 1 Cook on Corp. 41, § 9.

The evidence discloses that the corporation had in a bank $3,500, which the defendants received, as well as other property. The amount of the indebtedness and the names of the creditors were disclosed.

Under the proceedings, the Circuit Court could have ascertained which of the parties had agreed to pay the indebtedness and enforced its decree by execution against the property belonging to the corporation and received by the parties. Complete justice to all parties interested could have been

administered. It was error to dismiss the complaint. The case is reversed and remanded for further proceedings not inconsistent with this opinion.

It may be helpful to suggest that the complaint could be profitably amended by making all the creditors of the corporation parties, and alleging that the defendants had accepted and retained the benefits of the contract: *State* v. *Richardson*, 48 Or. 309, 314 (85 Pac. 225, 8 L. R. A. (N. S.) 362); *Brundage* v. *Monumental G. & S. M. Co.*, 12 Or. 322 (7 Pac. 314).

                                Reversed and Remanded.

McBride, C. J., and Burnett and Rand, JJ., concur.

———

Motion for suit money and to dismiss denied September 20, 1921, argued March 7, reversed and remanded April 24, argued on rehearing November 27, 1923, affirmed on rehearing February 13, costs taxed March 4, 1924.