Argued September 19, affirmed November 13, costs retaxed December 4, rehearing denied December 18, 1928.

# ROBERT F. DIXON *v.* KATE A. FOX.

(271 Pac. 593.)

For appellant there was a brief and oral argument by *Mr. W. Y. Masters.*

For respondent there was a brief and oral argument by *Mr. Maurice W. Seitz.*

COSHOW, J. Plaintiff alleged that plaintiff and defendant entered into an agreement whereby defendant agreed to warrant to plaintiff the title to the premises free from all building restrictions, except such as are provided by ordinance of the City of Portland for zone 2 of that city. The burden of proof rests upon plaintiff to prove that allegation. We think plaintiff has failed to adduce the proof. Accepting the evidence adduced by plaintiff for its

full value it fails to prove that defendant agreed at any time to convey a title warranting the right of plaintiff to construct an apartment house on the premises. The most the evidence adduced by plaintiff could establish is that defendant understood that plaintiff was purchasing the property for the purpose of constructing an apartment house thereon. There is no evidence at all that she knew that any building restriction was embodied in the conveyance to her predecessors. She testified that she knew nothing about any restrictions. There is no evidence that she did. There is no evidence that the deed which conveyed the property to defendant contains any building restrictions. The building restrictions contained in the chain of title are between her predecessors in interest; not between her and her grantor. It is hardly necessary to repeat that before a party to a contract is entitled to a reformation the agreement between the parties must be proven by clear and convincing proof to be different from the written contract entered into between the parties. The contract as reformed must correctly state the agreement as actually made by all parties thereto: *Dolph* v. *Lennon's, Inc., et al.*, 109 Or. 336 (220 Pac. 161); *Spexarth* v. *Rhode Island Ins. Co.*, 118 Or. 22 (245 Pac. 515); *Anderson* v. *Burgess*, 110 Or. 265 (223 Pac. 244); *Mendelsohn* v. *Mendelsohn*, 104 Or. 281, 287 (207 Pac. 158).

The fact that defendant knew that plaintiff wanted the land for an apartment building will not bind defendant to a contract she never agreed to. Brubaker may have failed to express himself clearly. He must go further and show defendant agreed to warrant the title against building restrictions other than such as are provided by ordinance for zone No. 2.

Brubaker made the contract, reduced it to writing, and defendant signed it as so prepared. There is no evidence that she made any other contract. Before the contract can be reformed plaintiff must show by clear and convincing proof that another agreement was made. It is not sufficient for him to show the contract as drawn did not correctly express his intentions.

■ The contract between the parties specifically excepts from the warranty building restrictions and zone No. 2 of the City of Portland. Plaintiff by bringing this suit places the same construction upon that contract that the court does and the only construction in our opinion of which the contract is susceptible. We take the language of the contract to mean that in addition to the building restrictions in zone No. 2 such other building restrictions as the record title of the premises disclosed. This conclusion requires an affirmance of the decree appealed from. It is so ordered.     Affirmed.

Bean and Rossman, JJ., absent.