WOODVILLE LODGE, No. 3581, GRAND UNITED ORDER OF ODD FELLOWS, *et al. v.* POOLE *et al.*

(In Banc. April 28, 1941. Suggestion of Error Overruled, May 26, 1941.)

[1 So. (2d) 780. No. 34501.]

Jones & Stockett, of Woodville, for appellants.

Maxwell Bramlette and Clay B. Tucker, both of Woodville, for appellees.

**W. F. Tucker**, of Woodville, for appellees.

Argued by **A. H. Jones**, for appellants.

**Alexander, J.,** delivered the opinion of the court.

The decree of the court below was rendered in response to a petition to dissolve the appellant corporation. The petition was filed by A. J. Glenn and Peter Ashford, the surviving members of the lodge, who sought also the distribution between them of the assets thereof, consisting chiefly of real estate. Ignoring the allegations, claims, and counterclaims with which the pleadings are replete, the controlling facts are contained in an agreed stipulation from which the following summary is taken: In October, 1933, the lodge was composed of five members, A. J. Glenn, Peter Ashford, Ed Scott, Alex Poole, and A. H. Stansberry. These met and agreed "not to pay dues to or affiliate with the Grand Lodge further, but to take money on hand and the rents from said property, after paying taxes and expenses, and divide it equally among the five members then in good standing. That then and there each one of the five members received the sum of $90 of the cash then on hand.

"That not any of the five members thereafter paid any dues as members of Woodville Lodge No. 3581, and said Lodge No. 3581 paid no dues to the Grand Lodge and ceased to function as a fraternal Society.

"That the five members appointed Peter Ashford custodian of the property, who rented the property of said Woodville Lodge No. 3581, collected the rents, and for his trouble was paid a commission on the money collected, which after paying the taxes and upkeep of the property was divided among the five members." It was elsewhere admitted in pleadings filed by the appellants that the incorporated lodge "ceased to function as a fraternal organization in or about the year of 1933."

Subsequent to the agreement under which the organization ceased to function and prior to the filing of the petition to have its dissolution formally decreed, all the members died except the two appellants Glenn and Ashford. In the proceeding for dissolution interventions

were filed on behalf of the heirs of the three deceased members seeking to have their ratable interest in the property decreed. The court found that the effective date of the dissolution insofar as it furnished a basis for adjudicating the respective rights of the parties was October, 1933, at which time it was agreed by the five existing members unanimously to abandon the lodge as such and to discontinue its corporate functions. In this we hold that the learned chancellor was correct and his conclusion is fortified by the circumstance that an actual division of the personalty was then made and the appellant Ashford was designated as custodian of the realty with the right and duty to collect rents, pay taxes, and distribute the net income among these members. Thereupon the status of the parties to such agreement became that of tenants in common rather than joint tenants.

Although it is the general rule that there is no legal dissolution or surrender of the charter of a non-stock corporation until so decreed pursuant to Code, section 4170, a court of equity may in a proper case treat the corporation as dissolved even though in a legal sense no dissolution has occurred, and a dissolution may be implied as by consent of all the members when meetings are voluntarily discontinued and activity of members as such comes to an end. 1 Bacon, Benefit Societies, sec. 57; Spelling, Corporate Management and By-Laws, sec. 193; Mobile Temperance Hall Ass'n v. Holmes, 189 Ala. 271, 65 So. 1020.

The agreement here made in anticipation of dissolution was effective to determine the status of the parties thereto as tenants in common even as would have been their status under Code 1930, section 4172, after formal surrender. Austin v. Wortham (Tex. Civ. App.), 298 S. W. 620, 623; Anderson v. Burgess, 110 Or. 265, 223 P. 244.

As stated in Mobile Temperance Hall Ass'n v. Holmes, supra [189 Ala. 271, 65 So. 1024]: ". . . the dissolution for purposes of distribution should date from the time there ceased any meetings and therefore activity

of its members ceased. Such may be treated as an implied abandonment of the objects of the association and a dissolution, or by consent of the then existing members. In the authorities we have cited here it appears that the assets remaining should go to those who were members at time of dissolution, to those who, in cases of this character, may be properly termed the 'persistent members.' Under the conclusion we here reach, therefore, this would include those who were members (or, if deceased, their representatives or heirs), at the time the meetings of the association ceased and activity of its members therefore came to an end.''

Affirmed.