[ Decided October 5, 1892.]

## FIRST NATIONAL BANK *v.* N. CECIL.

[ S. C. 31 Pac. Rep. 61.]

1. PROMISSORY NOTE—CONSIDERATION—FORBEARING SUIT.—Mere forbearance to sue upon receiving the note of a third party, or his signature to a note already made and delivered, is not a good consideration and will not support the promise of the surety so made. In addition to the forbearance there must have been a promise so to do in order to sustain the contract. When the agreement to forbear is not explicit, it may be inferred from the fact of the forbearance, and this implied agreement is a sufficient consideration for the new note or signature.

2. PROMISSORY NOTE—SIGNING AFTER DELIVERY—PRINCIPAL AND SURETY —MAKER.— When one, for a valuable consideration, signs his name to a joint and several promissory note after it has been signed and delivered, he becomes, as between himself and the payee, a maker and may be sued as such. He entered into a new contract with the holder of the note on a new and additional consideration.

Gilliam County: W. L. BRADSHAW, Judge.

Defendant appeals. Affirmed.

*Alfred S. Bennett,* for Appellant.

*Franklin P. Mays,* for Respondent.

BEAN, J.—This is an action to recover the sum of three thousand ninety-two dollars and seventy cents, and interest from November 20, 1890, upon a promissory note

for that amount dated December 20, 1889, and executed by defendant on September 12, 1890. A trial before a jury resulted in plaintiff's favor, from which defendant brings this appeal.

On the trial plaintiff gave evidence tending to show that on December 20, 1889, F. Cecil, T. A. Rausier, and Sumner Reed, for a valuable consideration, made, executed, and delivered to plaintiff their joint and several promissory note for three thousand ninety two dollars and seventy cents, due ninety days after date, with interest at the rate of ten per cent per annum from date until paid. After this note became due, and while it was unpaid, F. Cecil, in order to escape the payment thereof if possible, and to compel the bank to collect the note from his co-maker, Sumner Reed, assigned, transferred, and conveyed all his property to his brother, the defendant in this action. Upon learning of this transfer, a representative of the plaintiff Bank sought an interview with defendant and notified him that inasmuch as he had the property of F. Cecil, the bank wanted him to sign the note it held against Cecil, Rausier, and Reed, at the same time informing him that unless he did sign the note it would institute proceedings to contest the conveyance from his brother to himself, as it knew there was no consideration for the conveyance, but it was made solely for the purpose of getting the property out of F. Cecil's hands. Whereupon the defendant agreed to and did, on September 12, 1890, sign his name to the note at the bottom thereof, and plaintiff refrained from bringing suit to set the conveyance aside. At the close of plaintiff's testimony, defendant moved for a nonsuit, which being overruled, the cause was submitted to the jury without any evidence whatever on the part of defendant.

The contention of defendant on this appeal is that his signature to this note was void and of no effect—*first*, because there was no consideration for the same, and, *second*, because by placing his name on the note under the circumstances detailed, he became only a surety or

guarantor for the other parties to the note, and his con-
tract was a collateral one within the statute of frauds, and
void because it does not express the consideration.

1.   Upon the first point the argument is, that the
arrangement between plaintiff and defendant did not
amount to an agreement on plaintiff's part to forbear
proceedings to contest the conveyance from F. Cecil to
defendant.   This question coming before us as it does on
a motion for a nonsuit, we are only called upon to say
whether the jury could fairly infer such an agreement
from the evidence reported.   By the evidence it does not
appear that plaintiff in so many words agreed to forbear
proceedings to contest the conveyance, but it seems to us
the evident import of the language and conduct of both
parties is to that effect, or at least the jury was justified
in so finding.   Plaintiff said: "Unless you sign the note
we will contest the conveyance," which fairly implies that
if the note is signed, plaintiff will forbear such proceed-
ings, and this was clearly the understanding of both par-
ties, and is evidence from which the jury could find an
implied agreement to forbear.   "Whether there was an
implied agreement to forbear," says Chief Justice SHAW,
in *Boyd* v. *Frieze*, 5 Gray, 555, "is a question of fact, de-
pending on the circumstances, and if they are such as
lead to a natural and reasonable conclusion that the new
security or other new promise was given to induce the
creditor to forbear, and he did in fact forbear, a jury may
find that there was such implied agreement or understand-
ing, upon which the court would hold that there was a
good and legal consideration to give effect to the new
promise: *Walker* v. *Sherman*, 11 Met. 172; *Breed* v. *Hill-
house*, 7 Conn. 523."

2.   When a promise is direct and when collateral is
often a vexed and difficult question, but we do not think
it necessary to enter into any discussion of that question
in this case, for we take the rule to be that when one after
its delivery signs his name to a joint and several promis-
sory note for a valuable consideration, he becomes, as be-

tween himself and the payee, a maker and may be sued as such: 1 Edw. Bill. § 257; *Partridge* v. *Colby*, 19 Barb. 248; *McVean* v. *Scott*, 46 Barb. 379; *Card* v. *Miller*, 1 Hun, 504; *Brownell* v. *Winnie*, 29 N. Y. 400 (86 Am. Dec. 314); *Dickerman* v. *Miner*, 43 Iowa, 508; *Hamilton* v. *Hooper*, 46 Iowa, 515 (26 Am. Rep. 161). Independently of the question of the alteration of the note and the effect of the defendant's signature upon the liability of the other parties, the legal effect of his signing the note under the circumstances of this case is, that he became a party to a new contract as between him and the plaintiff on a new and additional consideration. The effect of his act was to execute a new note at the time he attached his signature, and as the maker of such note he is liable.

We find no error in the giving or refusal by the court of instructions on the question of the attorney's fees, and the judgment is affirmed.

[Decided February 13, 1893.]

ON REHEARING.

BEAN, J.—This cause was originally submitted on briefs without an oral argument, and as the brief of appellant was confined largely to a discussion of the points passed upon in the opinion filed, the alleged error of the trial court in giving and refusing certain instructions, although assigned as error and noted in the brief, escaped our attention and was not considered.

The contention for appellant is, that although an agreement by plaintiff to forbear instituting proceedings to set aside the conveyance from F. Cecil to defendant, and an actual forbearance by it would be a good and sufficient consideration for the execution of the note by defendant, and that there was evidence from which the jury might find such an agreement, yet that question was not submitted to the jury, but the court instructed them in effect that mere forbearance by plaintiff without an agreement to forbear would be a sufficient·consideration for defendant's promise.

The defendant requested the court to charge the jury that "the mere forbearance of plaintiff, if you should find that there was such forbearance, to attack a conveyance of property from F. Cecil to the defendant, without any agreement to forbear on the part of the plaintiff, would not be a sufficient consideration to sustain the contract in question, even though the plaintiff did forbear to attack such conveyance on account of the defendant having signed the note in question." This was refused and the following given: "If you believe from the evidence that when the defendant signed the note sued upon he did so to induce the plaintiff not to attack the conveyance of property theretofore made by Frank Cecil to himself, then I charge you that there was a good and sufficient consideration for his so signing."

From the instruction refused and the one given, it is apparent the theory of the trial court was that an agreement on the part of plaintiff to forbear to attack the conveyance from Frank Cecil to defendant was not necessary to support the defendant's promise, but if the note was signed by defendant to induce plaintiff to so forbear, it was a sufficient consideration. This was manifest error. An agreement by a creditor to forbear prosecuting his claim, and an actual forbearance by him, is a good consideration to sustain a promise of a third person to pay the claim: *Robinson* v. *Gould*, 11 Cush. 55; Bish. Contr. § 63; but a mere forbearance without such a promise is not. "A mere forbearance to sue," says BIGELOW, J., "without any promise or agreement to that effect by the holder of a note, forms no sufficient consideration for a guaranty. It is a mere omission on the part of the creditor to exercise his legal right to which he is not bound by any promise, and which he may at any moment and at his own pleasure enforce."—*Mecorney* v. *Stanley*, 8 Cush. 87; and this is so although the act of forbearance was induced by the defendant's promise: *Manter* v. *Churchill*, 127 Mass. 31. An agreement to forbear may be inferred by the jury from the fact of forbearance and

the circumstances under which it was exercised, and as we have already held, there was sufficient evidence in this case to go to the jury on that question; but whether there was such an agreement on the part of the plaintiff, either express or implied, ought to have been submitted to the jury.

It was argued for the plaintiff that the note itself imports a consideration, and in the absence of any evidence on the part of the defendant showing a want of consideration, the plaintiff was entitled to a verdict, and the error of the court in instructing the jury did not prejudice the defendant. But as the defendant did not partake in the original consideration of the note by becoming a party to it at its inception, the plaintiff, in order to recover against him, was bound to show a valid consideration for his promise ; otherwise it was *nudum pactum* and void. Without a new and independent consideration, the legal effect of his signing the note was that he became a party to an old note which had long been made and delivered to the payee as a completed contract on a consideration wholly past and executed, and moving solely between the original makers and the plaintiff, and not to a new contract on a new and additional consideration as between the payee and himself. The words "for value received" gain no new or additional meaning by the defendant's signature and import no other or further consideration than that which they sig nified when the note was given; and without some proof of a new consideration, plaintiff cannot recover, because the complaint avers that the note was not signed by defendant until long after it was delivered to the plaintiff by the original promissors : *Green* v. *Sheppard*, 5 Allen, 589.

It follows therefore that the judgment must be reversed and a new trial ordered.