Argued October 7, reversed November 17, 1925.

## JOSEPH DAY v. PETE CELORIA ET UX. ET AL.

(241 Pac. 58.)

**Limitation of Actions—Payment of Interest on Real Estate Mortgage Held to Toll Statute as Against Purchaser Prior to Expiration of Ten-year Period.**

Under Section 9890, Or. L., payment of interest on note secured by real estate mortgage · *held* to toll the statute of limitations against purchaser of real estate, prior to expiration of ten-year period after maturity of note and mortgage.

---

Guaranty, 28 C. J., p. 886, n. 8, p. 896, n. 10, p. 931, n. 3, p. 935, n. 31, 33, p. 946, n. 66, p. 971, n. 33, p. 972, n. 44.

Limitation of Actions, 37 C. J., p. 711, n. 4, p. 713, n. 17, p. 1150, n. 19, p. 1166, n. 12 New.

Mortgages, 27 Cyc., p. 1561.

From Multnomah: GEORGE W. STAPLETON, Judge.

Department 1.

This is an appeal from a decree sustaining a demurrer interposed by the defendants, Pete Celoria and wife. The demurrer was sustained on the ground that the statute of limitations barred the foreclosure of the mortgage. The mortgage was given by the defendant, Carlberg, February 10, 1910. The note secured by the mortgage matured February 10, 1911. January 11, 1910, defendant Carlberg conveyed the land to the defendant Addie S. Kimble. The title to the mortgaged land passed by mesne conveyances to the defendant and respondent Pete Celoria, the holder of the legal title at the time this suit was commenced. The deed conveying the land to defendant Celoria was dated December 3, 1920. The contention of the defendants, Celoria, is that by virtue of Sections 9887 to 9890, inclusive, Or. L., foreclosure of the mortgage is barred notwithstanding the fact that

---

Effect of payment of interest on running of statute of limitations, see note in 4 Ann. Cas. 634.

payments were made on said note as late as March 27, 1918.    The Circuit Court sustained this contention. .

REVERSED.

For appellant there was a brief and oral argument by *Mr. C. A. Applegren.*

For respondents there was a brief and oral argument by *Mr. Joseph Van Hoomisen.*

COSHOW, J.—The learned circuit judge sustained the demurrer on authority of the case of *State Land Board* v. *Lee,* 84 Or. 431 (165 Pac. 372).    That case involved only one question, namely: Whether or not the statute of limitations applied to the State Land Board.    Section 9890 was not in force when that case was submitted to this court.    It was properly held in that case that it did not because the state was the real party in interest.    The statute is not operative against a demand of the state.

Mr. Justice BEAN in *Hydraulic Mining Co.* v. *Smith,* 100 Or. 86, 104 (196 Pac. 811) strongly intimates that payments on the mortgage indebtedness tolls the statute of limitations notwithstanding the provisions of Section 9887, Or. L.

However that may be, by the terms of Sections 9887 to 9890, inclusive, the payment of interest annually until and including March 27, 1918, tolled the statute unless the defendant Celoria purchased after February 10th, in 1921, the end of the ten-year period from the maturity of the note the mortgage secured.

The language of the statute is,

"Provided, that the premises covered by such mortgage are still owned by the original mortgagor *and are unaffected by any lien or liens or rights of third parties which may have attached or intervened, subsequent to the expiration of the ten year period,* from the maturity of the debt secured by the mortgage."

Two conditions must exist to prevent tolling the statute by payment of interest, viz.:

(a) The title to the land must be vested in some one other than the original mortgagor, and, (b) the interest of the holder of that title must have attached subsequent to the expiration of the ten-year period from the maturity of the debt secured.

But the interest of the defendant Celoria attached prior, not subsequently, to the expiration of the ten-year period after maturity of the note secured by the mortgage. Defendant Celoria's interest attached December 2, 1920. The ten-year period expired on the tenth day of February in 1921. The payments of interest, therefore, tolled the statute according to the plain terms of the statute.

When Celoria purchased the property there was a subsisting valid mortgage lien on the property. By the terms of the complaint he "assumed, promised and agreed to pay plaintiff's mortgage as a part of the consideration of such sale, transfer and conveyance." Only six months and eighteen days after making this promise to pay said mortgage this suit was instituted to foreclose the mortgage. This suit was begun in a little more than three years after the last payment of interest. Neither the note nor the mortgage was barred by the statute.

It was error to sustain the demurrer interposed by the defendants Celoria. The order sustaining the demurrer and the decree dismissing the complaint as to defendants Celoria are reversed, and the cause remanded for further proceedings in harmony with this opinion.        REVERSED AND REMANDED.

McBRIDE, C. J., and BURNETT and RAND, JJ., concur.