Argued at Pendleton May 9, affirmed September 17, 1929.

LOUIS ZANIETTA *v.* JOHN W. McCULLOCH ET AL.

(280 Pac. 328.)

398

For appellant there was a brief and oral argument by *Mr. C. M. Crandall*.

For respondent there was a brief and oral argument by *Mr. Wm. E. Lees*.

RAND, J.—Section 9887, Or. L., provides:

"No mortgage upon real estate now, heretofore or hereafter given, shall be a lien or incumbrance, or

of any effect or validity for any purpose whatsoever, after the expiration of ten years from the date of the maturity of the obligation of indebtedness secured or evidenced by such mortgage, or from the date to which the payment thereof has been extended by agreement of record.''

There is no agreement of record extending the time of payment of plaintiff's note.

Section 9890 provides:

''Nothing in this act contained shall be construed to bar the foreclosure of any such mortgage, nor shall said act or any portion thereof be plead or considered as a defense to any such foreclosure, if, within ten years immediately preceding the commencement of the suit to foreclose, there shall have been voluntarily paid any portion of the debt secured by the mortgage, or any interest thereon; provided, that the premises covered by such mortgage are still owned by the original mortgagor and are unaffected by any lien or liens, or rights of third parties which may have attached or intervened, subsequent to the expiration of the ten-year period in section 9887 described.''

The premises covered by plaintiff's mortgage are, so far as the record shows, still owned by the original mortgagors, but they do not come within the exception of the statute because they are affected by the Lees mortgage lien, which lien attached or intervened subsequent to the expiration of the ten-year period. For that reason, and because of the express provisions of the statute, plaintiff's mortgage, as a mortgage, as against the Lees mortgage, or against any liens or rights of third parties attaching subsequent to November 7, 1923, has ceased to exist, and, by virtue of the statute, the mortgage given to the bank and assigned to Lees is a first mortgage upon the

premises, and entitled the defendant Lees to the relief granted by the decree.

So far as our examination shows this statute has been considered in three cases only; in only one of these did the court attempt to determine its application to particular cases. In *Hydraulic Mining Co.* v. *Smith,* 100 Or. 86 (196 Pac. 811), and in *Day* v. *Celoria,* 116 Or. 250 (241 Pac. 58), the statute was referred to but the facts of neither case, as shown by the opinions of the court, brought the parties within its application and the effect of the statute in applicable cases was not determined. In *State Land Board* v. *Lee,* 84 Or. 431 (165 Pac. 372), in a decision written by Mr. Justice HARRIS, the statute was held to be not applicable to a mortgage given by a land owner to the State Land Board for moneys loaned by the board belonging to the irreducible school fund. The reason for the decision was that a limitation in a general statute has no application to the state, unless the state is expressly named in the statute or by necessary implication included within its provisions. But this decision and the reasons which controlled it have no application to plaintiff's mortgage. Here the state is not a party to the suit, nor has it any interest in plaintiff's mortgage. The effect of the decision in that case was to hold that the statute in question was a valid statute, and binding upon mortgages coming within its terms when held by private parties. With that decision we are in thorough accord, and we think it is controlling here.

For these reasons, the decree of the lower court must be affirmed. It is so ordered.     AFFIRMED.

BEAN, McBRIDE and ROSSMAN, JJ., concur.