Argued December 13, 1932; affirmed January 31;
rehearing denied March 28, 1933

## FORCE *v.* HEUSNER ET AL.

(18 P. (2d) 583)

*John P. Winter,* of Portland (Jay Bowerman and
F. M. DeNeffe, both of Portland, on the brief), for
appellants.

*O. C. Roehr,* of Portland (Pendergrass, Wiggins, Barzee & Roehr, of Portland, on the brief), for respondent.

*Charles H. Carey* and *David L. Davies,* both of Portland, for defendants.

BELT, J. On April 17, 1907, The American Trust and Investment Company executed and delivered its note and mortgage, payable five years after date, in the sum of $25,500, in favor of J. W. Force, to secure money loaned. This mortgage lien covered lots 2 and 3 in block 115, Couch's addition to the city of Portland. Through mesne conveyances, title to the property was acquired by George F. Heusner on October 30, 1918, and, on November 17, 1921, Heusner and his wife made a conveyance in form a deed but, in fact, a mortgage, to the Bank of Kenton, to secure an indebtedness. Heusner paid the interest on the mortgage to and including October 17, 1929. On May 2, 1930, plaintiff commenced suit to foreclose the mortgage. The vital issue in the lower court and the one presented on appeal is whether the mortgage of the plaintiff is a prior lien to that of the Bank of Kenton. The decree of the lower court was in favor of the plaintiff.

The solution of the question as to the priority of these mortgages depends upon the interpretation and meaning of section 54-114, Oregon Code 1930, as read in the light of section 54-111 and section 54-112, Oregon Code 1930. Section 54-111 provides:

"*Lien of mortgage—Statute of limitation.* No mortgage upon real estate now, heretofore or hereafter given, shall be a lien or incumbrance, or of any effect or validity for any purpose whatsoever, after the expiration of ten years from the date of the matu-

rity of the obligation of indebtedness secured or evidenced by such mortgage, or from the date to which the payment thereof has been extended by agreement of record. If the date of the maturity of such obligation or indebtedness is not disclosed by the mortgage itself, then the date of the execution of such mortgage shall be deemed the date of the maturity of the obligation or indebtedness secured or evidenced by such mortgage''.

Section 54-112:

''*Presumption of payment from expiration of time.* After ten years have elapsed from the date of the maturity of any mortgage upon real estate, as herein provided in section 54-111, such mortgage shall conclusively be presumed to be paid, satisfied and discharged, and no action, suit or other proceeding shall be maintainable for the foreclosure of the same''.

Section 54-114:

''*Part payment within ten years—Effect to toll statute.* Nothing in this act contained shall be construed to bar the foreclosure of any such mortgage, nor shall said act or any portion thereof be plead or considered as a defense to any such foreclosure, if within ten years immediately preceding the commencement of the suit to foreclose there shall have been voluntarily paid any portion of the debt secured by the mortgage, or any interest thereon; provided, that the premises covered by such mortgage are still owned by the original mortgagor and are unaffected by any lien or liens, or rights of third parties which may have attached or intervened, subsequent to the expiration of the ten year period in section 54-111 described''.

■ There is no doubt or uncertainty about the meaning of the first two above-quoted sections of the statute. The legal effect of the first two sections, so far as material to the issues herein, is that a mortgage of

record, after a lapse of ten years from date of maturity, is conclusively presumed to have been paid and satisfied unless "payment thereof has been extended by agreement of record". These sections were enacted in 1913 to remove the uncertainty relative to titles to real property where unsatisfied mortgages appeared of record for many years. Through lapse of time it was often very difficult to establish the payment of such mortgages and, therefore, the legislature deemed it proper to create the conclusive presumption of payment where no payment appeared of record after a lapse of ten years from date of maturity. However, these two sections as originally enacted enabled an unscrupulous mortgagor to lull the mortgagee into a false sense of security by making payments which did not appear of record and, when foreclosure proceedings were instituted, to rely upon the presumption of payment which the statute afforded. So it was that, in 1917, section 54-114 was enacted to protect the rights of mortgagees and those of third parties whose liens attached "subsequent to the expiration of the ten-year period". In the instant case it will be observed that the mortgage of the plaintiff matured on April 17, 1912, and that the mortgage lien of the Bank of Kenton attached on November 17, 1921, or five months prior to the expiration of the ten-year period. In this contest between mortgagees, it was incumbent upon the Bank of Kenton, in its defense to the foreclosure of plaintiff's mortgage, to show that its lien attached later than April 17, 1922.

■ The legal effect of section 54-114 is that no defense of the Statute of Limitations shall be maintained if the interest be paid within ten years, provided the mortgaged premises are still owned by the original

mortgagor and the right or lien of a third party has not attached "subsequent to the expiration of the ten-year period" as referred to in section 54-111. In other words, no defense can be maintained under the statute if, within ten years of the filing of the suit, the mortgagor has paid "any portion of the debt secured by the mortgage, or any interest thereon" unless the right or lien of a third party has attached "subsequent to the expiration of the ten-year period".

■ *State Land Board v. Lee,* 84 Or. 431 (165 P. 372), and *Hydraulic Mining Co. v. Smith,* 100 Or. 86 (196 P. 811), were decided before the enactment, in 1917, of section 54-114 and, therefore, do not aid in the solution of the question under consideration. *Day v. Celoria,* 116 Or. 250 (241 P. 58), is, on the facts, closely analogous. In that case, plaintiff, on February 10, 1910, accepted a note secured by a mortgage on real property from one Carlberg. The note and mortgage matured February 10, 1911. Through mesne conveyances, the defendant Celoria acquired title to the property on December 2, 1920, or nine years, nine months, and 23 days subsequent to the maturity date of plaintiff's mortgage. In the foreclosure proceedings, defendant Celoria set up the same defense as in the instant case but the court sustained the priority of the plaintiff's mortgage. While there are statements in this opinion which cannot be reconciled with the reasoning of the court in *Zanietta v. McCulloch,* 130 Or. 396 (280 P. 328), the basic principles upon which these decisions were rendered are not in conflict, namely, that a third party cannot maintain the defense of the Statute of Limitations unless the lien or interest attaches "subsequent to the expiration of the ten-year period". In *Day v. Celoria,* supra, the court said:

"Two conditions must exist to prevent tolling the statute by payment of interest, viz.:

"(a) The title to the land must be vested in some one other than the original mortgagor, and, (b) the interest of the holder of that title must have attached subsequent to the expiration of the ten-year period from the maturity of the debt secured".

We think the above statement is inaccurate as in the Zanietta case, notwithstanding the premises covered by the plaintiff's mortgage were still owned by the original mortgagor, the mortgage lien of the defendant Lee was given priority for the reason that the lien attached after the expiration of the ten-year period, which holding is in keeping with the proper construction of the statute.

The decree is affirmed.

BEAN, CAMPBELL and KELLY, JJ., concur.