Submitted on briefs September 12; affirmed October 3, 1933

# VERSTEEG *v.* PRATT

(25 P. (2d) 387)

*Frank Holmes,* of McMinnville, for appellant.

*James E. Burdett* and *Loyd W. Crow,* both of Mc-Minnville, for respondent.

RAND, C. J. This is an appeal from a decree in favor of defendant. The suit was brought to quiet title to certain lands conveyed to plaintiff by his son, Walter B. Versteeg. At the time the conveyance was made, a decree against the son foreclosing a mortgage given by the son had been entered in favor of this defendant and an execution had been issued thereon. At the time the foreclosure suit was brought, more than ten years had elapsed after the maturity of the mort-gage but the interest thereon had been paid up to less

than two years prior to the time the suit to foreclose was commenced and, up to the time of the conveyance of the lands by the son to his father, there had been no change in the son's ownership of the lands.

Plaintiff contends that, by virtue of sections 54-111 to 54-114, both inclusive, Oregon Code 1930, defendant's rights under the mortgage terminated at the expiration of the ten-year period and that, upon the making of the said conveyance, he became the absolute owner of the lands.

As first enacted, the act consisted of the first three sections referred to. See chapter 304, Laws 1913. As so enacted, the lien of a mortgage after the expiration of ten years from the date of the maturity of the obligation or indebtedness secured thereby was terminated and the mortgage had no effect or validity whatever regardless of whether interest had been paid thereon or not. In 1917, however, the legislature, without in any way changing the language or phraseology of the first three sections referred to, amended the act by merely adding thereto what is now section 54-114. That section provides as follows:

"Nothing in this act contained shall be construed to bar the foreclosure of any such mortgage, nor shall said act or any portion thereof be plead or considered as a defense to any such foreclosure, if within ten years immediately preceding the commencement of the suit to foreclose there shall have been voluntarily paid any portion of the debt secured by the mortgage, or any interest thereon; provided, that the premises covered by such mortgage are still owned by the original mortgagor and are unaffected by any lien or liens, or rights of third parties which may have attached or intervened, subsequent to the expiration of the ten-year period in section 54-111 described."

It is clear from the language of this amendatory section that the legislature intended by the amendment that the bar prescribed by the preceding sections should not operate to defeat the mortgage lien in any case where, at the time a foreclosure suit is commenced, the original mortgagor is still the owner of the mortgaged property and some part of the principal or interest has been paid within ten years next prior to the commencement of the suit unless some lien or the rights of some third party have attached to the land after the expiration of the ten-year period and before the commencement of the suit.

Under the facts as pleaded and proven in the case at bar, plaintiff's grantor, the original mortgagor, was still the owner of the mortgaged property at the time defendant brought the foreclosure suit and had paid a part of the interest accruing under the mortgage within ten years prior thereto and no lien or right of plaintiff or of any third party had attached to the mortgaged property after the expiration of the ten-year period and before she commenced her suit. Under section 1-311, Oregon Code 1930, no action abates by the transfer of any interest if the cause of action survive or continue, and this section is made applicable to suits in equity by section 6-107. Hence, under the plain provisions of the statute, defendant's mortgage not being within the prohibition of the statute at the time she commenced her suit, no subsequent transfer of the mortgaged property by the son to plaintiff could operate to defeat her right to enforce the mortgage.

From this it follows that the decree of the lower court must be affirmed, and it is so ordered.