Argued June 21; affirmed July 24; rehearing denied
September 18, 1934

## RICHEY LOAN CO. *v.* CHELDELIN

(34 P. (2d) 646)

*Robert G. Smith,* of Portland (Irvin Goodman, Leo Levenson, and Gus J. Solomon, all of Portland, on the brief), for appellant.

*Newton C. Smith,* of Portland (Reynolds, Flegel & Smith, of Portland, on the brief), for respondent.

RAND, C. J.  This is a suit by plaintiff, as assignee, to foreclose two mortgages covering the same land,

each given to Rose S. Richey, plaintiff's assignor, by John F. Cheldelin to secure the payment of two promissory notes given by him and payable to her order. One of the mortgages and the note secured thereby were given on June 1, 1911, the other note and mortgage on December 1, 1911, and each note was in terms payable five years after the date thereof. When these instruments were executed, Cheldelin was single and he was the sole owner of the mortgaged property. Later he and the defendant intermarried and subsequent thereto she acquired the title to the mortgaged lands by a conveyance made by him to others and by them to her. He has since died and defendant is now the sole owner of the mortgaged property.

All the interest was paid up to November 30, 1926, at which time a written contract duly signed, witnessed and acknowledged and later recorded was entered into between the defendant and the plaintiff wherein it was agreed that the time of payment of each of said notes and mortgages should be extended until December 1, 1930; that the rate of interest should be reduced from eight to seven per cent per annum; and that whenever $1,000 should be paid on the principal sum mentioned in either of said mortgages, the lien of both mortgages should be released by plaintiff on one five-acre tract of the mortgaged property to be selected by the parties. In consideration of said stipulations, it was expressly agreed that both of said mortgages should be and remain good, valid and subsisting liens upon the mortgaged property for the amount of money then due, and that, in case of her subsequent default to pay the notes or any part thereof, this plaintiff at its option should have the right to foreclose the mortgages "in the manner orginally specified therein".

Thereafter the defendant paid the sum of $1,000 on the principal sum mentioned in one of said mortgages and thereupon a five-acre tract was segregated from the remainder of the property and the lien of said mortgages thereon was discharged.

In addition thereto, the defendant also paid all interest accruing up to December 1, 1930, since which time no other or further payments have been made thereon.

Upon proof of these facts, the learned trial court entered a decree holding that both mortgages constituted a valid and subsisting lien upon the remainder of the mortgaged property after the elimination of the said five-acre tract and decreeing their foreclosure.

It is defendant's contention upon this appeal that the lien of both mortgages terminated at the expiration of ten years from and after the date when the notes matured, and that this results from the express provisions of sections 54-111, 54-112, and 54-114, Oregon Code 1930, and that by reason thereof the court erred in entering any decree foreclosing the mortgages or either of them.

It will be seen from the above that one of said notes matured on June 1, 1916, the other on December 1, 1916. This suit was not brought until November 5, 1932. The sections of the statute relied upon by the defendant read as follows:

"54-111. No mortgage upon real estate now, heretofore or hereafter given, shall be a lien or incumbrance, or of any effect or validity for any purpose whatsoever, after the expiration of ten years from the date of the maturity of the obligation of indebtedness secured or evidenced by such mortgage, or from the date to which the payment thereof has been extended by agreement of record. If the date of the maturity of

such obligation or indebtedness is not disclosed by the mortgage itself, then the date of the execution of such mortgage shall be deemed the date of the maturity of the obligation or indebtedness secured or evidenced by such mortgage.

"54-112. After ten years have elapsed from the date of the maturity of any mortgage upon real estate, as herein provided in section 54-111, such mortgage shall conclusively be presumed to be paid, satisfied and discharged, and no action, suit or other proceeding shall be maintainable for the foreclosure of the same.

"54-114. Nothing in this act contained shall be construed to bar the foreclosure of any such mortgage, nor shall said act or any portion thereof be plead or considered as a defense to any such foreclosure, if within ten years immediately preceding the commencement of the suit to foreclose there shall have been voluntarily paid any portion of the debt secured by the mortgage, or any interest thereon; provided, that the premises covered by such mortgage are still owned by the original mortgagor and are unaffected by any lien or liens, or rights of third parties which may have attached or intervened, subsequent to the expiration of the ten year period in section 54-111 described."

█ Where a suit to foreclose a mortgage of real property has not been commenced within ten years after the maturity of the mortgage debt or if an extension of time of payment has been granted by an agreement of record, then within ten years from that date, it is necessary, in order to prevent the statute from operating as a bar to the suit, for the plaintiff to allege and prove that some part of the mortgage debt, either principal or interest, has been voluntarily paid within ten years immediately preceding the commencement of the suit, and also that, at the time of its commencement, the original mortgagor was still the owner of the property covered by the mortgage, and also the

further fact that no lien or right of any third party has attached to the land after the expiration of ten years from the time when the debt matured or payment thereof was extended by an agreement of record. This is in accordance with the plain directions of the statute and, unless these facts can be shown to exist at the time the suit is commenced, the lien of the mortgage must be deemed to be terminated by force of the statute, and a suit to foreclose the same will not lie. This was the effect of the holding in *Zanietta v. McCulloch,* 130 Or. 396 (280 P. 328), and *Versteeg v. Pratt,* 144 Or. 485 (25 P. (2d) 387), and we think is in entire conformity with the true meaning of the statute.

■ In the instant case, while payments were voluntarily made by this defendant of both principal and interest less than ten years before the commencement of the suit and while no liens or rights of any third person attached to the land within the time prohibited by the statute, yet it was alleged and proved that John F. Cheldelin, the original mortgagor, had parted with the title to the property during the year 1924 and that, by mesne conveyances, this title had become vested in the defendant during that year. This would operate to bar the foreclosure of the mortgages if it were not for the fact that, in 1926, this defendant while the sole owner of the property assumed these mortgages and agreed to pay them in consideration of the time of payment being extended until December 1, 1930, and the rate of interest being reduced from eight to seven per cent. Her stipulations in that regard are, in part, as follows:

"* * * whereas May C. Cheldelin is now the owner of said mortgaged property, and whereas the sum of $2,500.00 is due and payable December 1st, 1926 in accordance with the terms and conditions of

the said Notes and Mortgage, so executed as aforesaid. Nevertheless, it is hereby agreed between the said parties that the time of payment of the said sum of $2,500.00 shall be and is hereby extended to the 1st day of December, A. D. 1930, and in consideration of said extension of the time of payment, the said party of the second part does hereby agree to pay to said party of the first part, interest upon said sum, as aforesaid, due on said Notes and Mortgage, at the rate of Six per cent per annum for one year and perform all other covenants therein specified, which interest is to be paid December 1, 1927 and at the rate of seven per cent in equal annual payments thereafter until December 1st, 1930 the said date to which the same has been herein extended,

And do further agree that said Mortgage shall be and remain a good, valid and subsisting first Lien on the Real Estate therein described for securing the payment of the said sum of money, the time of payment of which is hereby extended, and for securing the payment of the interest thereon, hereby agreed to be paid; and also further do agree that said sum of $2,-500.00, the payment of which is hereby extended, shall not be made payable sooner than said 1st day of December, A. D. 1930, without the consent of the said party of the first part, previously obtained on such terms as may be mutually agreed upon. * * * In the event of the non-payment of interest, each instalment of interest shall, after it becomes due, bear interest from date of maturity at Seven per cent per annum, and if the same continues in arrears and unpaid after it becomes due, the said party of the first part shall in that event have the option of foreclosing the said Mortgage, in the manner originally specified therein.''

The second instrument differs from that above quoted only in the amount of the principal, which is $3,000, and in the date of maturity, June 1, 1926. These two agreements were signed by the defendant,

the owner of the property, and were acknowledged and placed of record. They were executed with all the formalities of the law required for the execution of deeds and mortgages and constituted a binding agreement on the part of the defendant to pay the notes secured by the mortgages. This assumption of the mortgages and agreement upon the part of the defendant to pay these mortgages, being based upon a valuable consideration accruing to her, takes the case out of the statute and entitles the plaintiff to have the same foreclosed in the manner provided by law.

The decree of the lower court must, therefore, be affirmed.

BEAN, CAMPBELL and BAILEY, JJ., concur.