Argued September 24; affirmed October 11; rehearing denied
November 23, 1937

## TITLE & TRUST CO. *v.* NELSON ET AL.

(71 P. (2d) 1081)

*A. S. Dresser*, of Portland, for appellants Haak.
*F. Reed McBride*, of Portland, in propria persona.
*James L. Conley*, of Portland, for respondent.

BEAN, C. J. It is pleaded by defendants and contended that after the expiration of 10 years from the maturity of the promissory note secured by the mortgage, said mortgage was not a lien or incumbrance, or of any effect or validity for any purpose whatsoever; that said mortgage was conclusively presumed to be paid, satisfied and discharged, and no action, suit or other proceeding was maintainable for the foreclosure of the same, and that after the expiration of 10 years after the mortgage became due, such mortgage could not be extended.

Section 54-111, Oregon Code 1930, provides as follows:

"No mortgage upon real estate now, heretofore or hereafter given, shall be a lien or incumbrance, or of any effect or validity for any purpose whatsoever, after the expiration of ten years from the date of the maturity of the obligation of indebtedness secured or evidenced by such mortgage, or from the date to which the payment thereof has been extended by agreement of record. * * *"

Section 54-112 provides as follows:

"After ten years have elapsed from the date of the maturity of any mortgage upon real estate, as herein provided in section 54-111, such mortgage shall conclusively be presumed to be paid, satisfied and discharged, and no action, suit or other proceeding shall be maintainable for the foreclosure of the same."

Section 54-114 provides as follows:

"Nothing in this act contained shall be construed to bar the foreclosure of any such mortgage, nor shall said act or any portion thereof be plead or considered as a defense to any such foreclosure, if within ten years immediately preceding the commencement of the suit to foreclose there shall have been voluntarily paid any portion of the debt secured by the mortgage, or any interest thereon; provided, that the premises covered by such mortgage are still owned by the original mortgagor and are unaffected by any lien or liens, or rights of third parties which may have attached or intervened, subsequent to the expiration of the ten year period in section 54-111 described."

This last section was added to the statute by virtue of the Laws of 1917, ch. 32, § 4, p. 39. The statutes above quoted have been mentioned and discussed in several cases, a number of which involve a different question from the case at bar: *Day v. Celoria*, 116 Or. 250 (241 P. 58); *Zanietta v. McCulloch*, 130 Or. 396 (280 P. 328); *Force v. Heusner*, 142 Or. 280 (18 P. (2d) 583); *Versteeg v. Pratt*, 144 Or. 485 (25 P. (2d) 387).

■ The main contention of defendants is that the extension agreement was not valid because it was made seven months and 26 days subsequent to the time when the mortgage had expired, and there was no consideration therefor. It will be seen that section 54-111 provides that no mortgage shall be valid after the expiration of 10 years from the date of the maturity of the obligation of indebtedness secured or evidenced by such mortgage "or from the date to which the payment thereof has been extended by agreement of record". Therefore, if by an agreement made for a valuable consideration, the payment of the note secured by the mortgage has been extended by agreement of record, then the mortgage is valid.

It is contended by plaintiff that the time for the payment of the note and mortgage was extended until January 26, 1931, and that the suit was commenced within the time limited by the code, citing §§ 54-111 to 54-114, Oregon Code, 1930; *Richey Loan Co. v. Cheldelin*, 148 Or. 170 (34 P. (2d) 646).

■ The Haaks were interested in not having suit brought to foreclose the mortgage upon their land, and, as stated in the agreement, "in consideration of the extension of time for the payment thereof to the 26th day of January, 1931" they agreed to assume the principal sum of the note and mortgage with interest at 7 per cent per annum, payable quarter-annually on the 26th of every January, April, July and October, "for and during said term of extension". Evidently the note and mortgage were taken into consideration in the purchase of the real estate by the Haaks. It is also recited in the agreement: "said sum of $2,200, the payment of which is hereby extended    *    *    *". Therefore the defendants Haak solemnly declared twice in the agreement which they executed under seal that the payment of the note and mortgage had been extended until January 26, 1931, besides mentioning the consideration as an extension of time for payment, although it is stated in the argument on behalf of defendants Haak: "Nowhere in that whole instrument is it stated that the time of payment of the mortgage is extended." This is certainly an oversight and error. A seal affixed to an instrument is an expression of consideration: § 9-704, Oregon Code 1930; *Johnston v. Wadsworth*, 24 Or. 494 (34 P. 13); *Osborne & Co. v. Hubbard*, 20 Or. 318 (25 P. 1021, 11 L. R. A. 833).

■ This agreement was duly acknowledged and recorded in the records of Multnomah county and was notice to the world, and any subsequent claimant could

be fully informed in regard thereto by an examination of the record. We think such a recordation fulfils the statute requiring the agreement to be entered of record. It plainly shows from a reading thereof that the plaintiff and defendants Haak had agreed to such extension. The testimony of A. L. Grutze is that ''There was an agreement entered into for the extension of the mortgage.'' There is no contradiction of this testimony.

■ It is urged by defendants that this extension agreement is defective in two particulars: First, that it is without consideration; second, that it is not signed by the plaintiff. The forbearance of plaintiff from bringing suit to foreclose the mortgage upon the Haaks' land was a sufficient consideration for the agreement of defendants Haak to assume the note and mortgage and for the extension of time. The expressed consideration in this agreement is exactly the same as the expressed consideration in the extension agreement involved in *Richey Loan Co. v. Cheldelin,* supra.

■■ It is also suggested that, the plaintiff not having signed the extension agreement, such agreement is lacking in mutuality or reciprocity. The purpose of a signature to an agreement, such as the one involved here, is to evidence or express assent to and acceptance of the terms of the instrument. Signing, however, is not the only method of assenting to or accepting the terms of such an agreement. There may be acceptance by act or conduct. This principle is stated in 13 C. J. 275, § 73, as follows:

''An acceptance of an offer may be by act, as where an offer is made that the offerer will pay or do something else, if the offeree shall do a particular thing. In such a case performance is the only thing needful to complete the agreement and to create a binding promise.''

Again, in 13 C. J. 277, § 76, we read:

"A contract may be formed by accepting a paper containing terms. If an offer is made by delivering to another a paper containing the terms of a proposed contract, and the paper is accepted, the acceptor is bound by its terms;   *   *   *"

In the case of *First Nat. Bank v. Cecil*, 23 Or. 58, 62 (31 P. 61, 32 P. 393), this court approved such a principle in the following words:

"An agreement to forbear may be inferred by the jury from the fact of forbearance and the circumstances under which it was exercised,   *   *   *."

Also, in *Mendelsohn v. Mendelsohn*, 104 Or. 281, 286 (207 P. 158), we read:

"Every agreement springs from offer and acceptance, sometimes by words alone, sometimes by acts alone and sometimes by both words and acts."

It is urged by defendants that the consideration for the execution of the extension agreement and the assumption of the Nelson mortgage was not valid for the reason that at that time the mortgage was invalid. There can be no question but what the note before the execution of the extension agreement was a valid subsisting obligation. The view contended for by defendants was announced in the early English cases to the effect that one has a right to sue only when his claim is actually in law a valid claim and that forbearance to sue on an unfounded claim can never support a promise given therefor, for the reason that forbearance to sue on a claim not legally enforceable can be no detriment. This view has been overruled in England by modern decisions, although there are a few American cases which seem to support it: 13 C. J. 346, § 196. In section 197, it is stated:

"The principle followed in perhaps the majority of cases is that one has a right to sue where his claim is

reasonably doubtful, and that forbearance to enforce a claim which might reasonably be thought doubtful is a sufficient consideration, on the ground that 'the reality of the claim which is given up must be measured, not by the state of the law as it is ultimately discovered to be, but by the state of the knowledge of the person who at the time has to judge and make the concessions.' ''

In section 198, a third view is expressed, that one has a right to sue when he believes that he has a good cause of action, that it is enough if plaintiff can show that at defendant's request he forebore to prosecute a claim which he believed to be well-founded, and that it is no answer to show that the claim was not well-founded or was not even reasonably doubtful. It may also be noted that the waiver of a right or forbearance to sue may be in respect to a liability or debt of a third person and not of the promisor, for a benefit to a third person is a sufficient consideration for a promise: 13 C. J. 347, § 199. According to this declaration forbearance to sue the Nelsons on the note would be sufficient forbearance to constitute a consideration for the promise of defendants Haak to assume the note and mortgage and for the extension agreement.

■■ Section 9-909, Oregon Code 1930, provides that an agreement to answer for the debt, default or miscarriage of another is void unless the same, or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party to be charged or by his lawfully authorized agent. It was necessary, therefore, in order to assume the note and mortgage of the Nelsons, for the defendants Haak to state their agreement in writing, expressing the consideration, which was done by the extension agreement. There is no requirement that the plaintiff should sign such agreement. Various instances where contracts are

made but not signed by both parties can be called to mind. The plaintiff did not sign the note or mortgage involved nor the promissory note. Where a deed conveys real estate upon which there is a mortgage, and it is stated in the deed that the grantee assumes and agrees to pay such mortgage, the grantee does not sign the deed, and yet there is a valid assumption of the mortgage and note.

It is urged by defendants that, after the execution of the extension agreement, the plaintiff could have maintained a suit for the foreclosure of the mortgage and the collection of the note. This contention is not tenable. Under the record in this case we do not believe that any court would enforce the mortgage of plaintiffs after the extension agreement before the time agreed on, namely, January 26, 1931.

The extension of the agreement involved is sufficient, both as to form and execution, to require the forbearance of the plaintiff to bring suit upon the note or mortgage until the time mentioned in such extension: *First Nat. Bank v. Cecil*, supra; *Mendelsohn v. Mendelsohn*, supra.

In regard to *Richey Loan Co. v. Cheldelin*, supra, this court specifically held good an extension agreement executed subsequent to the expiration of the period of 10 years from the date of the maturity of the mortgage obligation. It is contended by defendants that, the ten-year period not having expired as to the second mortgage involved in the Richey case, the amount of the first mortgage was included with the second. This contention is not borne out by the record. An examination of the abstract of record in the Richey case shows that the two mortgages were foreclosed as separate and distinct causes of suit. The first mortgage, where the extension of time was given after the expiration of the ten-year

period from the maturity of the note secured, was as separate from the foreclosure of the second mortgage as if they had been foreclosed by separate suits. There was executed a separate instrument for the extension of time of each mortgage, and that case is perfect authority for a valid extension of time of payment of a mortgage after the expiration of 10 years from the date of maturity of the debt secured. That case enunciates no new principle. It is well known that, where a bankrupt has been released from payment of claims against him, such bankrupt may thereafter assume and agree to pay the debt from which he has been released in the bankruptcy proceedings.

It would work a fraud upon plaintiff if the defendants Haak could escape the effects of their agreement, for in reliance upon such agreement the respondent has paid several hundred dollars in taxes on the Haak property. The statutes above quoted were designed to protect innocent purchasers and lien claimants and should be reasonably construed and given full effect.

While the complaint in this case is not absolutely perfect, not alleging an acceptance in so many words, the whole transaction is plainly portrayed in that pleading, and there was no error in overruling the demurrers thereto. There is no error as assigned by any of the defendants in the five assignments of error involving the questions to which we have referred.

Suit to foreclose the mortgage of plaintiff having been commenced within 10 years from the date to which the payment thereof had been extended by agreement of record, and it being a valid mortgage, it is superior to the mortgage of defendant F. Reed McBride.

Finding no error in the record the decree of the circuit court is affirmed.

BAILEY, RAND and LUSK, JJ., concur.