Leonard VAN DOMELEN and Amy Van
Domelen, Appellants,

v.

WESTINGHOUSE ELECTRIC CORPO-
RATION, a corporation, Appellee.

No. 21447.

United States Court of Appeals
Ninth Circuit.

July 27, 1967.

Gerald H. Robinson, Portland, Or., for
appellants; Green, Richardson, Griswold
& Murphy, Portland, Or., of counsel.

W. C. Schwenn, Hillsboro, Or., Malcolm J. Montague, Williams, Montague, Stark & Thorpe, Portland, Or., for appellee.

Before HAMLEY and MERRILL, Circuit Judges, and MATHES, District Judge.

MATHES, District Judge:*

Leonard and Amy Van Domelen appeal from a judgment of the District Court entered upon a jury verdict finding them liable upon their joint written guaranty in favor of appellee.

■ The guaranty in question, dated January 7, 1964, was executed in Oregon in favor of the appellee, Westinghouse Electric Corporation, and by its terms guarantees payment of the account of Sharon Manufacturing Company with Westinghouse. Federal jurisdiction is grounded upon diversity of citizenship, so the substantive law of Oregon governs. [Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).]

■ Appellants' first contention is that this guaranty failed to satisfy the expression-of-consideration requirement of the Oregon Statute of Frauds, which provides in part that:

"In the following cases the agreement is void unless it, or some note or memorandum thereof, expressing the consideration, is in writing * * *

* * * * * *

(2) An agreement to answer for the debt, default or miscarriage of another." [Ore.Rev.Stat. § 41.580.]

Although the challenged instrument recites that it was executed "In consideration of your [Westinghouse] extending credit to Sharon Furniture Manufacturing Co., Inc. * * * and for value received", appellants argue that this is an insufficient expression of the consideration for the guaranty here, since the consideration claimed by Westinghouse to have been given was not extension of credit, but a forbearance of suit against Sharon.

It is to be noted however, that the provisions of the guaranty conclude with the following recital: "Witness our hands and seals the day and year above written." The abbreviation "L.S." appears in print following each of the Van Domelen signatures, and signifies presence of a seal in accordance with § 42.-120 of the Oregon Revised Statutes, which was in effect at all times relevant here.

In Johnston v. Wadsworth, 24 Or. 494, 34 P. 13 (1883), the Oregon Supreme Court considered the requirement of "expressing the consideration", as found in Oregon's Statute of Frauds [Or.Rev. Stat. § 41.580], and observed that "the agreement being under seal, the seal is itself sufficient to satisfy the statute." [24 Or. at 502, 34 P. at 15; cf. Title & Trust Co. v. Nelson, 157 Or. 585, 71 P.2d 1081, 114 A.L.R. 1196 (1937).]

■ Although, as appellants point out, § 41.350(3) of the Oregon Revised Statutes declares that a recital of consideration is excluded from the conclusive presumption of "[t]he truth of the facts recited * * * in a written instrument", this provision is relevant to a determination of whether or not there was in fact a failure of the expressed consideration, and not to a determination of whether or not the Oregon Statute of Frauds has been satisfied.

■ The requirements of Oregon's Statute of Frauds being met by execution of the guaranty under seal, parol evidence was properly admitted to explain that the ambiguous phrase "extending credit * * * and for value received", as employed in the guaranty, referred to forbearance of suit on the part of appellee. [See Or.Rev.Stat. §§ 41.740, 42.-220.]

■ Appellants next urge that there was insufficient evidence to support the jury's determination that Westinghouse agreed to forbear suit against Sharon, but so to hold would require us to declare

* Judge Mathes prepared and signed this opinion, but died before it could be filed.

that the jury could not reasonably have believed the testimony of appellee's credit manager. We are unable to say that the jury's finding from the evidence in the case was outside the bounds of reasonableness. [See Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960).]

Finally, appellants contend that in all events there was no credible evidence to warrant a jury finding that Westinghouse relied upon the guaranty in forbearing to sue Sharon; and in this connection they also assert that the trial court erroneously limited appellants' cross-examination of appellee's principal witness on this issue.

■ The trial judge instructed the jury that, in order to find in favor of appellee, they must find not only that Westinghouse promised Sharon to forbear suit in return for appellant's guaranty, but also that Westinghouse relied at least in part upon appellants' guaranty in actually forbearing suit against Sharon for the agreed period of time. Inasmuch as we find no authority suggesting that the courts of Oregon would follow a different rule from that adhered to in other jurisdictions, we hold that the jury's verdict in favor of appellee would have been fully supported either by a finding of a promise to forbear, or by a finding of actual forbearance in reliance upon the guaranty. [See Restatement of Contracts § 75 (1932); 1 Corbin on Contracts § 139 (1963); Annot., 78 A. L.R.2d 1414.]

■■ And since there was ample evidence to support the finding of a promise to forbear on the part of Westinghouse, and it is undisputed that Westinghouse actually did forbear during the agreed-upon period of time, the trial court's error, if any, in limiting appellants' cross-examination and in tendering the issue of reliance upon the guaranty to the jury, was harmless. [See Fed.R. Civ.P. 61.]

The verdict in favor of appellee on the January 7, 1964 guaranty being suf-ficient to sustain the judgment appealed from, we need not reach the questions raised as to the correctness of the trial court's rulings involving an earlier guaranty executed in 1963 by appellant Leonard Van Domelen alone in favor of appellee.

The judgment appealed from is affirmed.