## SECURITY STATE BANK,
*Respondent,*

*v.*

## LUEBKE et al,
*Respondents,*

*and*

## RATHBONE,
*Appellant.*

(32796; CA A36325)

723 P2d 369

Lawrence W. Erwin, Bend, argued the cause and filed the briefs for appellant.

Martin Hansen, Bend, argued the cause and filed the brief for respondent Security State Bank.

Max Merrill, Bend, waived appearance for respondents George J. Corrigan, Susan M. Corrigan and Elaine E. Johnson, aka Elaine E. Stowe.

Robert Abel, Salem, waived appearance for respondents James L. Bowlin, Jr. and Jo Anne L. Bowlin.

No appearance for respondent James A. Luebke.

Before Richardson, Presiding Judge, and Warden and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant Rathbone appeals from a trial court judgment foreclosing his interest in real property. He contends that the Statute of Limitations, ORS 88.110, barred plaintiff's foreclosure action. We reverse and remand.[1]

On July 15, 1970, defendant Luebke executed and delivered to plaintiff a promissory note in the amount of $46,560.81, secured by a mortgage on the real property that is the subject of this action. The maturity date of the note and the mortgage was July 15, 1971. The note and mortgage were recorded on May 7, 1971. When the note was not paid on time, the parties renegotiated its terms to provide that Luebke would pay $300 monthly on $47,000, with interest at 6.5 percent. Plaintiff did not record the extension agreement.

Between 1972 and 1975 the mortgaged property was the subject of a series of transactions. First, Luebke sold it on contract to defendants Corrigan. Next, the Corrigans mortgaged their vendees' interest to defendants Bowlin. The Corrigans then sold the property on contract to defendant Johnson, who in turn sold it on contract to defendant Rathbone.[2] Each of those transactions was recorded, and each of the parties took the property subject to plaintiff's mortgage. However, none of the parties assumed the mortgage.

Luebke failed to comply with the terms of the renegotiated promissory note. He made his last payment on August 27, 1981, paying the interest through November 5, 1980. Under the provisions of the mortgage, plaintiff declared a default and accelerated the balance of the principal and interest. Luebke did not pay the balance due; he owed plaintiff $38,555.31, plus interest, and he was in default when he filed a petition in bankruptcy.

On August 19, 1982, plaintiff filed this action to foreclose its mortgage. Luebke and the Corrigans did not appear and were defaulted. The Bowlins cross-claimed for foreclosure of their mortgage against the Corrigans. Rathbone

---

[1] Although this case began with the usual pleadings, the parties ultimately presented it to the trial court as a submitted controversy under ORCP 66. We rely on the stipulated facts.

[2] A memorandum of this last transaction was recorded in December, 1975.

raised a number of defenses to plaintiff's foreclosure action and cross-claimed against Johnson for her failure to comply with her contractual duty to keep prior obligations on the property current. In the trial court, Rathbone argued, *inter alia,* that ORS 88.110 barred plaintiff's foreclosure action. That statute provides:

> "Except as provided in ORS 88.120, no mortgage upon real property shall be a lien upon such property after the expiration of 10 years from the date of maturity of the mortgage debt or from the date to which the payment thereof has been extended by agreement of record; and after such 10 years the mortgage shall be conclusively presumed paid and discharged, and no suit shall be maintainable for its foreclosure. If the date of maturity of the debt is not disclosed by the mortgage itself, then the date of the execution of the mortgage shall be deemed the date of maturity of such debt."

ORS 88.120 provides:

> "Foreclosure of a mortgage on real property is not barred by ORS 88.110 when all the following facts exist at the time the foreclosure suit is commenced:
>
> "(1)   Any portion of the mortgage debt, or any interest thereon, has been voluntarily paid within the 10 years immediately preceding commencement of the suit.
>
> "(2)   The original mortgagor still owns the mortgaged property.
>
> "(3)   No lien or right of a third person has attached to the property after the expiration of the 10-year period referred to in ORS 88.110."

The trial court ruled that the Statute of Limitations in ORS 88.110 had not run against plaintiff's claim. The court foreclosed defendants' interests in the property and ordered it sold.

On appeal, Rathbone contends that foreclosure was improper, because over ten years had passed since the mortgage debt had matured and therefore, under ORS 88.110, the mortgage is conclusively presumed paid. Plaintiff concedes that it had been over ten years since the mortgage debt had matured. It argues, however, that ORS 88.110 does not bar foreclosure, because all three elements of ORS 88.120 existed

at the time that this action was commenced.[3] The parties acknowledge that Luebke voluntarily paid a portion of the mortgage debt or interest on the debt within ten years immediately preceding commencement of the foreclosure. The first requirement of ORS 88.120 is, therefore, satisfied.[4]

■    We next examine whether the statute's second requirement, that "[t]he original mortgagor [Luebke] still owns the mortgaged property," is satisfied. Luebke sold the property on contract to the Corrigans and, therefore, still had the *legal* title. On the other hand, Rathbone, the last contract purchaser, had the *equitable* title. The question is whether the legislature intended the term "owns" to apply only to the *legal* owner or to the *equitable* owner as well.

Despite the absence of legislative history, it is possible to determine the meaning that the legislature intended the term "owns" to have. *See* ORS 174.020; *Duncan v. Dubin,* 276 Or 631, 636, 556 P2d 105 (1976). The original versions of ORS 88.110 and ORS 88.120 were adopted in 1913 and 1917, respectively.[5] At that time, the term "owner" in a land sale contract had a clear meaning in case law. In *Walker v. Goldsmith,* 14 Or 125, 137, 12 P 537 (1886), explaining the doctrine of equitable conversion, the Supreme Court stated that the *purchaser* under a land sale contract

> "[i]s treated as the owner of the land, and it is devisable and descendible as his real estate. On the other hand, the money is treated as the personal estate of the vendor, and is subject to the like mode of disposition by him." (Quoting 2 Story's *Equity Jurisprudence,* § 1212.)

In *Sheehan v. McKinstry, et al,* 105 Or 473, 483, 210 P 167

---

[3] Rathbone argues that it is plaintiff's burden to plead and prove compliance with ORS 88.120 rather than his burden to assert ORS 88.120 as a defense. We need not decide the issue because, in a submitted controversy, all prior pleadings are abandoned "and the case shall stand on the agreed case alone." ORCP 66B(1).

[4] In *Tuthill v. Stoehr,* 163 Or 461, 472-74, 98 P2d 8 (1940), the Supreme Court held that, if the grantees of mortgaged property agree to assume the mortgage debt, and there is less than six years remaining in the period of limitation for foreclosing the mortgage, the period is extended to six years, the applicable period for actions on contracts. The court reached that conclusion, even though there was no extension agreement between the grantee and the mortgagee. *Tuthill* is not applicable in this case. None of the grantees agreed to assume the mortgage debt.

[5] ORS 88.110 was originally enacted as Or Laws 1913, ch 304, § 1. ORS 88.120 was originally enacted as Or Laws 1917, ch 32, § 4.

(1922), decided not long after the enactment of ORS 88.120, the Supreme Court explained:

> "Under an executory contract for the sale of realty, equity regards the real beneficial and equitable ownership of the land as vested in the vendee, the vendor merely holding the legal title as security for the purchase price."

Words used in a statute which have a settled meaning are presumed to be used in that sense. *See State v. Keys*, 244 Or 606, 609-10, 419 P2d 943 (1966); *State v. Tauscher*, 227 Or 1, 10, 360 P2d 764 (1961). Further, a seller in a land sale contract retains legal title only as security for the payment of the contract debt. Generally, the seller has no right to exercise any of the incidents of ownership. It would not further the legislative purpose in enacting ORS 88.120 to treat a seller of real property as the owner, nor would it be consistent with the meaning courts previously had given the term "owner." In the absence of legislative history to the contrary, we conclude that the legislature intended the word "owns" to have that same meaning.

■ In this case, when Luebke sold the property on contract to the Corrigans, equitable ownership rights passed from him to them and, in due course, to Rathbone.[6] Luebke did not "own" the mortgaged property when this action was commenced. Consequently, ORS 88.120 does not apply.[7] ORS 88.110 therefore creates a conclusive presumption that the mortgage was paid and discharged. The trial court erred in foreclosing defendants' interests and in ordering the property sold.

Reversed and remanded.

---

[6] The Supreme Court has held that not every land sale contract creates an equitable conversion as a matter of law. *See Heider v. Dietz*, 234 Or 105, 112, 380 P2d 619 (1963). However, that holding does not effect our conclusion about the legislative understanding of the term when it adopted Or Laws 1917, ch 32, § 4 (now ORS 88.120).

[7] We hold that the second requirement of ORS 88.120 has not been satisfied. Therefore, we need not determine whether the third requirement has been satisfied. *See Tuthill v. Stoehr, supra; Richey Loan Co. v. Cheldelin*, 148 Or 170, 34 P2d 646 (1934); *Versteeg v. Pratt*, 144 Or 485, 25 P2d 387 (1933); *but see Force v. Heusner*, 142 Or 280, 18 P2d 583 (1933); *Day v. Celoria*, 116 Or 250, 241 P 58 (1925).